# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISON
### CIVIL ACTION NO. ____-cv-____

| | |
|---|---|
| M.G.M, a minor by and through KENDRA PATRICIA MABE, his mother, custodial parent and next friend,<br><br>*Plaintiff,*<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC., and SOLOFILL, LLC.<br><br>*Defendants.* | COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

M.G.M, a minor by and through KENDRA PATRICIA MABE, his mother, custodial parent and next friend ("Plaintiff") by and through the undersigned counsel, JOHNSON BECKER, PLLC and HOWARD, STALLINGS, FROM, ATKINS, ANGELL & DAVIS, P.A. hereby submits the following Complaint and Demand for Jury Trial against Defendants KEURIG GREEN MOUNTAIN, INC., ("Defendant Keurig") and SOLOFILL, LLC. ("Defendant Solofill") (hereafter collectively referred to as "Defendants"), alleging the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Keruig designs, manufactures, markets, imports, distributes, ships, and sells a wide-range of consumer coffee makers and related products, including the subject Keruig Coffee Maker Model Number B30 (referred to hereafter as "coffee maker(s)") that are at issue in this case.

2. Defendant Solofill designs, manufactures, markets, imports, distributes, ships, and sells reusable "K-Cups" used with Keurig coffee makers, including the subject K-Cup at issue in this case.

3. The coffee makers utilize a reusable K-Cup by injecting hot water into the cup and dispensing into a separate container. An upper water reservoir is filled by the user, and when the brew basket lid is opened, a mechanical lever opens a seal so that the upper reservoir drains into a lower heating and pumping chamber.

4. An electronic interlock in the coffee maker prevents the pump from operating while the brew basket lid is open. The lid handle must be lifted to allow the user to place the K-Cup inside the brew basket. When the lid and handle are fully down and closed, a small switch is depressed and the pump is enabled. When the lid handle is lifted slightly, the same switch is released and the pump is disabled before the lid can be opened.

5. A mechanical interlock is also present in the form of a seal on the pumping chamber. The pumping chamber requires an intact seal between the upper and lower chambers so that pressure can build and force the water out to the brew basket. If the seal is compromised, the pump will run but pressure cannot build in the chamber and water will not flow out to the brew basket. When the brew basket lid is opened, the mechanical lever that opens the seal would therefore also prevent water from flowing even if the electronic interlock failed.

6. However, the subject Keruig creates a "burn hazard" when used with the subject K-Cup. This "burn hazard" occurs as a result a compromised seal in the subject coffee maker and/or clogging caused by the subject K-Cup, which results in pressurized water overheating and spraying out of the machine to burn consumers; just like it did to M.G.M in this case.

7.     Defendants knew or should have known of these defects but have nevertheless put profit ahead of safety by continuing to sell its coffee makers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective coffee makers regardless of the risk of significant injuries to Plaintiff and consumers like M.G.M.

8.     As a direct and proximate result of Defendants' conduct, the M.G.M. incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF M.G.M

9.     Plaintiff is a minor, a resident and citizen of the city of Walnut Cover, County of Stokes, State of North Carolina, and resides with his custodial parent and mother, Kendra Patricia Mabe.

10.    On or about January 20, 2019, M.G.M suffered serious and substantial burn injuries as the direct and proximate result of pressurized scalding hot water spraying out of the top of the coffee maker, landing all over the kitchen, including onto M.G.M's chest. The incident occurred as a result of a compromised seal in the subject coffee maker and/or clogging caused by the subject K-Cup.

## DEFENDANT KEURIG INC.

11.    Defendant Keurig designs, manufactures, markets, imports, distributes, ships, and sells a variety of consumer coffee makers and related products.

12.    Defendant Keurig is a Delaware Corporation, with its principal place of business located at 150 Pilgrim Park Road, Waterbury, VT, 05467.

## DEFENDANT SOLOFILL, LLC

13. Defendant Solofill designs, manufactures, markets, imports, distributes, ships, and sells reusable "K-Cups" used with Keurig coffee makers.

14. Defendant Solofill us a Texas liability liability company, with its principal place of business located at 3515 Avignon Court, Houston, TX 77082.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

17. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of North Carolina and intentionally availed themselves of the markets within North Carolina through the promotion, sale, marketing, shipping, distributing, and otherwise engaged in the transaction of business of their products.

## FACTUAL BACKGROUND

18. Defendant Keruig designs, manufactures, markets, imports, distributes and sell a wide-range of consumer coffee makers and related products, including the subject Keruig Coffee Maker Model Number B30 (referred to hereafter as "coffee maker(s)") that are at issue in this case.

19. Defendant Solofill designs, manufactures, markets, imports, distributes, ships, and sells reusable "K-Cups" used with Keurig coffee makers, including the subject K-Cup at issue in this case.

20. The coffee makers utilize a reusable K-Cup by injecting hot water into the cup and dispensing into a separate container. An upper water reservoir is filled by the user, and when the brew basket lid is opened, a mechanical lever opens a seal so that the upper reservoir drains into a lower heating and pumping chamber.

21. An electronic interlock in the coffee maker prevents the pump from operating while the brew basket lid is open. The lid handle must be lifted to allow the user to place the K-Cup inside the brew basket. When the lid and handle are fully down and closed, a small switch is depressed and the pump is enabled. When the lid handle is lifted slightly, the same switch is released and the pump is disabled before the lid can be opened.

22. A mechanical interlock is also present in the form of a seal on the pumping chamber. The pumping chamber requires an intact seal between the upper and lower chambers so that pressure can build and force the water out to the brew basket. If the seal is compromised, the pump will run but pressure cannot build in the chamber and water will not flow out to the brew basket. When the brew basket lid is opened, the mechanical lever that opens the seal would therefore also prevent water from flowing even if the electronic interlock failed.

23. However, the subject Keurig creates a "burn hazard" when used with the subject K-Cup. This "burn hazard" occurs as a result a compromised seal in the subject coffee maker and/or clogging caused by the subject K-Cup, which results in pressurized water overheating and spraying out of the machine to burn consumers; just like it did to M.G.M in this case.

24. By reason of the forgoing acts or omissions, the Plaintiff used the subject coffee maker and subject K-Cup with the reasonable expectation that they were properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of making coffee.

25. Plaintiff used the subject coffee maker and subject K-Cup for their intended purpose of preparing coffee and did so in a manner that was reasonable and foreseeable by the Defendant.

26. However, the subject coffee maker and subject K-Cup were defectively and negligently designed and manufactured by the Defendants in that it failed to properly function as to prevent the scalding hot water to projected during the ordinary, foreseeable and proper use of the product; placing the Kendra, M.G.M., and similar consumers in danger while using the coffee maker.

27. The subject coffee maker and subject K-Cup possess defects that make them unreasonably dangerous for their intended use by consumers because of the propensity of hot water to escape the coffee makers and scald the consumer due to a compromised seal and/or clogging.

28. Defendants knew or should have known that a compromised seal and/or clogging possessed defects that pose a serious safety risk to Plaintiff and the public.

29. As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous K-Cup and coffee maker, which resulted in significant and painful bodily injuries upon an innocent child.

30. Consequently, the Kendra Paricia Mabe seeks damages on behalf of her minor son, M.G.M. resulting from the use the subject coffee maker and subject K-Cup, which has caused the M.G.M to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION
### As to Defendant Keurig of Green Mountain, Inc.
### Products Liability – Inadequate Design or Formulation N.C. Gen. Stat. § 99B-1, et seq.

31. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

32. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

33. Defendant Keurig designs and manufactures the coffee maker at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

34. Defendant Keurig distributes and sells the coffee maker at issue in this case therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1 (3).

35. At the time Defendant Keurig designed and manufactured the subject coffee maker, Defendant Keurig acted unreasonably in manufacturing the subject coffee maker, and the subject coffee maker was defective.

36. Plaintiff put the coffee maker to its ordinary use and without any warning, the Subject coffee maker sprayed scalding hot water, causing severe bodily injuries to M.G.M.

37. The incident was the result of a compromised seal and/or clogging that caused the scalding hot water to pressurize and spray out of the subject coffee maker.

38. At the time the subject coffee maker left the control of Defendant Keurig, Defendant Keurig unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

39. At the time the product left the control of Defendant Keurig the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not a product of this design.

40. No unusual conditions were present with respect to the subject coffee maker that would have caused a spontaneous explosion absent a compromised seal and/or clogging.

41. The subject coffee maker was a dangerous instrumentality or substance.

42. As a result, Defendant Keurig had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject coffee maker might explode, including performing reasonable tests and inspections to discover latent hazards.

43. At the very least, Defendant Keurig had a duty to take reasonable care in the design and manufacture of the subject coffee maker.

44. As a proximate result of the inadequate design of the subject coffee maker and Defendant Keurig unreasonable acts as described herein, the subject coffee maker failed catastrophically during its foreseeable and intended use, which caused it to spray scalding, pressurized water, resulting in significant bodily injury to M.G.M.

## SECOND CAUSE OF ACTION
### As to Defendant Keurig Green Mountain, Inc.
### Common Law Negligence

45. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

46. The subject coffee maker was a dangerous instrumentality or substance.

47. As a result, Defendant Keurig had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject coffee maker might suffer, including performing reasonable tests and inspections to discover latent hazards.

48.     At the very least, Defendant Keurig owed Plaintiff a duty to use reasonable care throughout the design, manufacturing, and/or sale of the subject coffee maker, including ensuring that the subject coffee maker was free of any potentially dangerous manufacturing defects.

49.     Defendant Keurig breached its duty to Plaintiff. Defendant Keurig was negligent, careless, and reckless in the manufacture, design and/or sale of the subject coffee maker in at least the following ways:

   a. Unreasonably failing to implement appropriate processes, procedures, and systems throughout the manufacture of its coffee makers;

   b. Failing to provide adequate warnings about the risk that the subject coffee maker would fail and spontaneously eject scalding hot, pressurized liquid, causing severe bodily harm;

   c. Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the subject coffee maker would fail and spontaneously eject scalding hot, pressurized liquid, causing severe bodily harm;

   d. Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the subject coffee maker could become clogged when used with a reusable K-Cup, including the subject K-Cup, causing sever bodily injuries;

   e. Failing to provide adequate instructions for the proper handling and use of the subject coffee maker; and/or

   f. Failing to recall the subject coffee maker.

50.     As the actual and proximate result of Defendant Keurig's conduct, M.G.M. suffered significant bodily injury.

## THIRD CAUSE OF ACTION
## As to Defendant Keurig Green Mountain, Inc.
## Products Liability Inadequate Warning or Instruction N.C. Gen. Stat. § 99B-1, et seq.

51. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

52. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

53. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

54. Defendant Keurig designs and manufactures the coffee maker at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

55. Defendant Keurig distributes and sells the coffee maker at issue in this case therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1 (3).

56. At all relevant times, when Defendant Keurig designed, manufactured, and sold the subject coffee maker, Defendant Keurig knew or should have known that a compromised seal and/or clogging could cause the scalding hot water to pressurize and spray out of the subject coffee maker when used with the subject K-Cup.

57. Plaintiff did not know of the risk that the subject coffee maker and subject K-Cup would be compromised and/or clogged, nor was that risk open, obvious, or a matter of common knowledge to consumers.

58. At the time the subject coffee maker left the control of Defendant Keurig it did not contain adequate warnings or instructions.

59. Defendant Keurig acted unreasonably in failing to provide any of the warnings or instructions.

60. The lack of adequate warnings and instructions created an unreasonably dangerous condition that Defendant Keurig and knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to Plaintiff, a reasonably foreseeable claimant.

61. Alternatively, on information and belief, after the subject coffee maker left the control of Defendant Keurig, Defendant Keurig became aware of, or in the exercise of ordinary care should have known, the fact that the subject coffee maker posed a substantial risk of harm to Plaintiff, a reasonably foreseeable user, and failed to give adequate warning or instruction or to take other reasonable action under the circumstances, including but not limited to recalling the subject coffee maker.

62. As a proximate result of the failure of Defendant Keurig to provide adequate warnings and instructions, Plaintiff suffered significant bodily injury when the subject coffee maker was compromised and/or clogged and sprayed M.G.M with scalding hot liquid.

**FIRST CAUSE OF ACTION**
**As to Solofill, LLC**
**Products Liability – Inadequate Design or Formulation N.C. Gen. Stat. § 99B-1, et seq.**

63. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

64. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

65. Defendant Solofill designs and manufactures the coffee maker at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

66. Defendant Solofill distributes and sells the K-Cup at issue in this case therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1 (3).

67. At the time Defendant Solofill designed and manufactured the subject K-Cup, Defendant Solofill acted unreasonably in manufacturing the subject K-Cup, and the subject K-Cup was defective.

68. Plaintiff put the K-Cup to its ordinary use and without any warning, M.G.M. was sprayed with scalding hot water, causing severe bodily injuries.

69. The incident was the result of a compromised seal and/or clogging that caused the scaling hot water to pressurize and spray out of the subject coffee maker.

70. At the time the subject K-Cup left the control of Defendant Solofill, Defendant Solofill unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

71. At the time the product left the control of Defendant Solofill the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not a product of this design.

72. No unusual conditions were present with respect to the subject K-Cup that would have caused a spontaneous explosion absent a compromised seal and/or clogging.

73. The subject K-Cup was a dangerous instrumentality or substance.

74. As a result, Defendant Solofill had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject coffee maker might explode, including performing reasonable tests and inspections to discover latent hazards.

75. At the very least, Defendant Solofill had a duty to take reasonable care in the design and manufacture of the subject K-Cup.

76. As a proximate result of the inadequate design of the subject coffee maker and Defendant Solofill unreasonable acts as described herein, the subject coffee maker failed catastrophically during its foreseeable and intended use, which caused it to spray scalding, pressurized water, resulting in significant bodily injury to M.G.M.

**SECOND CAUSE OF ACTION**
**As to Defendant Solofill, LLC**
**Common Law Negligence**

77. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

78. The subject K-Cup was a dangerous instrumentality or substance.

79. As a result, Defendant Solofill had a duty to exercise the highest or utmost caution, commensurate with the risk of serious harm related to the possibility that the subject K-Cup might suffer, including performing reasonable tests and inspections to discover latent hazards.

80. At the very least, Defendant Solofill owed Plaintiff a duty to use reasonable care throughout the design, manufacturing, and/or sale of the subject K-Cup, including ensuring that the subject K-Cup was free of any potentially dangerous manufacturing defects.

81. Defendant Solofill breached its duty to Plaintiff. Defendant Solofill was negligent, careless, and reckless in the manufacture, design and/or sale of the subject K-Cup in at least the following ways:

   a. Unreasonably failing to implement appropriate processes, procedures, and systems throughout the manufacture of its K-Cups;

   b. Failing to provide adequate warnings about the risk that the subject K-Cup would fail and spontaneously eject scalding hot, pressurized liquid, causing severe bodily harm;

  c. Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the subject K-Cup would fail and spontaneously eject scalding hot, pressurized liquid, causing severe bodily harm;

  d. Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk that the subject coffee maker could become clogged when used with a reusable K-Cup, including the subject K-Cup, causing sever bodily injuries;

  e. Failing to provide adequate instructions for the proper handling and use of the subject K-Cup; and/or

  f. Failing to recall the subject K-Cup.

82. As the actual and proximate result of Defendant Solofill's conduct, M.G.M. suffered significant bodily injury.

### THIRD CAUSE OF ACTION
### As to Solofill, LLC
### Products Liability Inadequate Warning or Instruction N.C. Gen. Stat. § 99B-1, et seq.

83. Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

84. Plaintiff incorporates by reference all allegations in this Complaint as though fully set forth herein.

85. Plaintiff is a "claimant" as the term is defined by N.C. Gen. Stat. § 99B-1(1).

86. Defendant Solofill designs and manufactures the K-Cup at issue in this case and therefore is a "manufacturer" as the term is defined by N.C. Gen. Stat. § 99B-1(2).

87. Defendant Solofill distributes and sells the K-Cup at issue in this case therefore is a "seller" as the term is defined by N.C. Gen. Stat. § 99B-1 (3).

88. At all relevant times, when Defendant Solofill designed, manufactured, and sold the subject K-Cup, Defendant Keurig knew or should have known that a compromised seal and/or clogging could cause the scalding hot water to pressurize and spray out of the subject coffee maker when used with the subject K-Cup.

89. Plaintiff did not know of the risk that the subject coffee maker and subject K-Cup would be compromised and/or clogged, nor was that risk open, obvious, or a matter of common knowledge to consumers.

90. At the time the subject K-Cup left the control of Defendant Solofill it did not contain adequate warnings or instructions.

91. Defendant Solofill acted unreasonably in failing to provide any of the warnings or instructions.

92. The lack of adequate warnings and instructions created an unreasonably dangerous condition that Defendant Solofill and knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to Plaintiff, a reasonably foreseeable claimant.

93. Alternatively, on information and belief, after the subject coffee maker left the control of Defendant Solofill, Defendant Solofill became aware of, or in the exercise of ordinary care should have known, the fact that the subject K-Cup posed a substantial risk of harm to Plaintiff, a reasonably foreseeable user, and failed to give adequate warning or instruction or to take other reasonable action under the circumstances, including but not limited to recalling the subject K-Cup.

94. As a proximate result of the failure of Defendant Solofillto provide adequate warnings and instructions, Plaintiff suffered significant bodily injury when the subject coffee maker was compromised and/or clogged and sprayed M.G.M with scalding hot liquid.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

95. That Plaintiff have and recover judgment against the Defendants an amount in excess of $75,000.00 for all damages;

96. That costs of this action be taxed against the Defendants;

97. That Plaintiff be granted a trial by jury on all issues so triable;

98. That Plaintiff receive prejudgment interest from Defendants as of the date of filing of the Original Complaint, pursuant to N.C.G.S. 24-5(b);

99. That Plaintiff be awarded attorneys' fees if allowed by law;

100. That Plaintiff recover punitive damages if it can be shown that Defendants acted fraudulently, with malice, or that their conduct was willful or wanton; and

101. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY DEMAND

102. Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED this 18th day of January, 2022.

**[Signature Page to Follow]**

**HOWARD, STALLINGS, FROM, ATKINS, ANGELL & DAVIS, P.A.**

By: /s/ Robert H. Jessup
Robert H. Jesup (N.C. Bar No. 42945)
Post Office Box 12347
Raleigh, North Carolina 27605
(919) 821-7700
(919) 821-7703 (Fax)
rjessup@hsfh.com

*In association with:*

**JOHNSON BECKER, PLLC**

Michael K. Johnson
*Motion for Admission Pro Hac Vice to be filed*
Kenneth W. Pearson
*Motion for Admission Pro Hac Vice to be filed*
Adam J. Kress, Esq.
*Motion for Admission Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (Fax)
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com