IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| M.G.M., a minor by and through his Guardian Ad Litem, KENDRA PATRICIA MABE, his mother, custodial parent and next friend, | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | 1:22-CV-36 |
| KEURIG GREEN MOUNTAIN, INC., and SOLOFILL, INC., | )<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The parties jointly move to seal their settlement agreement. Doc. 42. At a hearing on September 20, 2022, the plaintiff further sought to introduce five exhibits under seal: photos of the minor plaintiff's injury and scarring (Exhibits 1 and 2); medical and billing records related to the minor's injury (Exhibits 3 and 4); and photos of the Keurig and Solofill K-Cup that allegedly caused the injury (Exhibit 5). The motions to seal will be granted except for the motion to seal Exhibit 5, which will be denied.

I. **Public Notice**

Before sealing judicial records, the district court must give the public notice and a reasonable opportunity to challenge the request to seal. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). The public has had notice of the motion to seal the settlement agreement, which has been on the public docket for three weeks.

*See Stone v. Univ. of Md. Med. Sys. Corp*, 855 F.2d 178, 181 (4th Cir. 1988) (discussing use of docketing to comply with procedural requirements for sealing); *Mears v. Atl. Se. Airlines, Inc.*, No. 12-CV-613, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal." (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984))). The public has also had adequate notice of the motion to seal the exhibits, as that motion was made in open court and two weeks have passed since then. No objections have been filed.

## II.      Legal Standard for the Public Right to Access

The public has a right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Documents filed with the court are judicial records "if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). To the extent the court does not consider or rely on filed documents to decide a motion, "the documents are not judicial records and no right of access applies." *Trapp v. Suntrust Bank*, 15-CV-937, 2016 WL 6833986, at *1 (M.D.N.C. Nov. 18, 2016); *EEOC v. Loflin Fabrication LLC*, No. 18-CV-813, 2020 WL 3845020, at *3 (M.D.N.C. July 8, 2020).

Here, the Court has reviewed and considered all of the documents in ruling on the parties' motion for court approval of the settlement. *See* Minute Entry 09/20/22. Because the Court has considered these documents in ruling to approve the settlement, they are judicial records. *See Mears v. Atl. Se. Airlines, Inc.*, No. 12-CV-613, 2014 WL

2

5018907, at *2 (E.D.N.C. Oct. 7, 2014); *Owino v. IBM Corp.*, No. 12-CV-1041, 2013 WL 2947146, at *2 (M.D.N.C. June 14, 2013) ("A settlement agreement requiring court approval is a judicial record.").

The right of public access to judicial records derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). When a party asks to seal judicial records, the Court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Id*. at 576 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re Application*, 707 F.3d at 290 (cleaned up).

### III. Analysis and Findings

#### A. Source of the Right of Access

Settlement agreements and exhibits associated with them have been reviewed under both the common law right of access and the First Amendment right of access. *See Jeter Est. of Patterson v. Correct Care Sols., LLC*, No. 19-CV-152, 2020 WL 13551437, at *3 (M.D.N.C. July 16, 2020); *Browne v. Pantry, Inc.*, No. 11-CV-587, 2011 WL 5119263, at *1 (M.D.N.C. Oct. 28, 2011); *see also, e.g.*, *Mears v. Atl. Se. Airlines, Inc.*, No. 12-CV-613, 2014 WL 5018907, at *2–3 (E.D.N.C. Oct. 7, 2014); *Owino v. IBM Corp.*, No. 12-CV-1041, 2013 WL 2947146, at *1 (M.D.N.C. June 14, 2013). The Court

need not decide today whether the documents at issue are covered by the common law right of access or the stricter First Amendment right of access. The settlement agreement and Exhibits 1–4 should be sealed even applying the more stringent First Amendment right of access. And the photos of the Keurig and Solofill K-Cup should not be sealed, even assuming the lesser common law burden applies.

### B. The Settlement Agreement

The First Amendment right of access to judicial records "yields only in the existence of a 'compelling governmental interest . . . [that is] narrowly tailored to serve that interest.'" *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)); *see also Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 1745531, at *2 (M.D.N.C. May 4, 2017). In determining whether the motion to seal should be granted, the Court evaluates whether the information sought to be sealed is confidential, whether disclosure would result in actual harm and the degree of that harm, whether the motion is narrowly tailored, and whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information. *See e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 270 (4th Cir. 2014) (holding "unsubstantiated or speculative claims of harm" were insufficient to justify a seal); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017) (noting that the court would consider the degree of harm that disclosure would likely

4

cause). Courts must also consider less drastic alternatives to sealing. *Va. Dep't of State Police*, 386 F.3d at 576.

As a condition of the settlement, the parties agreed to keep the settlement agreement confidential. It is well-established that the parties' agreement is an insufficient reason to seal judicial records. *See, e.g.*, *Martin v. Am. Honda Motor Co.*, 940 F. Supp. 2d 277, 280 (D.S.C. 2013); *Browne*, 2011 WL 5119263, at *2; *White v. Bonner*, No. 10-CV-105, 2010 WL 4625770, at *2 (E.D.N.C. Nov. 4, 2010). It is, however, an appropriate fact to consider.

The parties also contend that the "[t]he privacy and confidentiality interests" of both sides support sealing. Doc. 42 at 2. Courts and legislatures have historically protected the privacy rights of minors. *E.g.*, *New York v. Ferber*, 458 U.S. 747, 756–57 (1982); *M.P. v. Schwartz*, 853 F. Supp. 164, 168 (D. Md. 1994); *cf. United States v. Guerrero*, 693 F.3d 990, 1003 (9th Cir. 2012). And the Supreme Court has confirmed that "safeguarding the physical and psychological well-being of a minor" is a compelling governmental interest. *See Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 607 (1982); *cf.* Fed. R. Civ. P. 5.2(a)(3). Accordingly, many "[c]ourts have held that compelling governmental interests require the sealing of documents relating to minors in general." *Mears*, 2014 WL 5018907, at *3 (collecting cases).

Common sense suggests that public disclosure of the settlement amount could expose the minor to scam artists, financial predators, and other fraudsters. Moreover, the information already in the public record (such as his mother's name) could provide an entry point for such criminals to make inroads with this vulnerable plaintiff and prey on

5

him when he becomes of age. These are legitimate concerns. The potential for use of the information for an improper purpose is a factor that supports sealing. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The public has no general interest in knowing the specifics of the settlement agreement or the settlement amount; cases are settled confidentially with adults all the time. Most persons and companies in personal injury suits, like both parties here, usually prefer for settlement information to remain private; individual plaintiffs prefer it so that their personal financial information is kept private and defendant businesses prefer to keep their settlement practices confidential in order, for example, to avoid scam claims.

While the public does have an interest in knowing whether or not the Court has appropriately protected the interests of the minor in evaluating the settlement and its related terms, the record in this case otherwise establishes the close attention the Court has paid to the settlement and its details and is sufficient for the public to evaluate the propriety of the Court's approval. *See, e.g.*, Doc. 45. The settlement agreement itself is not necessary.

The Court finds that under the circumstances of this case, there is a compelling governmental interest in protecting the private financial information of the minor, and that this outweighs the public's right of access to the settlement agreement. Further, the Court finds that sealing the amount is narrowly tailored. There is no less drastic alternative to sealing the amount that would protect the privacy interests of the minor. There is nothing illuminating in the wording of the settlement agreement, which merely contains the usual release language common for all settlements in North Carolina.

6

Case 1:22-cv-00036-CCE-LPA   Document 47   Filed 10/07/22   Page 6 of 9

For the same reasons, the Court will seal the Order containing the settlement amount. Doc. 44. The order with the settlement amount redacted is available on the public record, Doc. 45, and is sufficient to meet the public's interest.

Weighing the public's right of access and the parties' privacy interests, the Court will grant the parties' motion to seal the settlement agreement and settlement amount. These can be unsealed when the minor is well-grown and the risks of harm are significantly reduced if not non-existent.

### C. Photos of the Minor's Injury and Scar & the Minor's Medical Records

The parties ask the Court to seal photos of the minor's injury and resulting scars (Exhibits 1 and 2) and the minor's medical and financial records associated with the accident (Exhibits 3 and 4). As discussed *supra*, protecting the privacy of minors is a compelling interest.

Outside the litigation context, a person's medical records are not public records and generally may not be disclosed. Indeed, civil and criminal penalties are available in some circumstances for disclosing medical records without authorization. Courts in this circuit often seal medical records that contain personal and sensitive information, at least when the records themselves "would have little value in furthering the public oversight of the judicial process." *Bell v. Shinseki*, No. 12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014) (per curiam) (unpublished); *see also Moore v. Wash. Hosp. Ctr.*, No. 11-CV-3742, 2012 WL 2915165, at *7 (D. Md. July 16, 2012) (collecting cases). Photos of body parts and injuries are also generally private, unless the person being photographed chooses to make them public.

7

That is not the case here, where the minor's guardian specifically asks that the photographs be kept private.

Because the parties resolved this case between themselves, the public has little to no legitimate interest in knowing the details of the minor's medical care and medical bills, nor in seeing the photographs of the minor's injury and resulting scar. As such, the Court finds that the compelling interest in the minor's privacy outweighs the public's right of access to these materials. Disclosing the information could subject the minor to scrutiny and violate his privacy. The Court also concludes that, given the nature of these materials, no lesser alternative to sealing would adequately protect the minor. Finally, the Court finds that sealing the photographs and medical records is narrowly tailored to protect the compelling interest at stake here. Sealing all of these records until the minor is well grown is appropriate.

### D. Photos of the Keurig & Solofill K-Cup

As discussed *supra*, it is not clear in the Fourth Circuit whether exhibits filed in support of a motion for court approval of a settlement are subject to the First Amendment right of access or the common law right of access. At a minimum, the common law right of access attaches. *See In re Application*, 707 F.3d at 291. Because the Court finds that the parties have not met their burden to support sealing under this right of access, it will deny the motion to seal the photos of the Keurig and the Solofill K-Cup.

"To substantively overcome the common law presumption of access . . . a court must find that there is a significant countervailing interest in support of sealing that outweighs the public's interest in openness." *Id.* at 293 (cleaned up). Here, the parties

8

Case 1:22-cv-00036-CCE-LPA   Document 47   Filed 10/07/22   Page 8 of 9

ask these photos to be sealed because 1) there is a confidentiality provision in their settlement agreement, 2) the photos may reveal the identity of the defendants, and 3) it is easier to seal everything presented at the hearing rather than sealing some documents and not others. None of these are convincing reasons to seal the photographs.

First, the parties' agreement is an insufficient reason by itself to seal judicial records. *See* discussion *supra* at p. 5. Second, the public docket and many pleadings identify the defendants, whose names appear on all filings, and the complaint itself identifies the coffee maker and filter at issue, which is the only real information available in the photographs. And it is no trouble to not seal one exhibit. The motion to seal the photos of the Keurig and the Solofill K-Cup is denied.

It is **ORDERED** that:

1. The consent motion to file the settlement agreement and amount under seal, Doc. 42, is **GRANTED**, and the Clerk **SHALL** maintain Doc. 43 and Doc. 44 under seal until October 4, 2047.

2. The motion to seal Exhibits 1–4 received into evidence at the September 20, 2022 hearing is **GRANTED**, and the Clerk **SHALL** maintain these exhibits under seal until October 4, 2047.

3. Any motion to extend the seal **SHALL** be filed no later than April 4, 2047.

4. The motion to seal Exhibit 5 is **DENIED**.

This the 7th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE